UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA DA LUZ LOPES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-03095 (UNA) |
| | ) | |
| DAVID A. BORTS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor

meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Pawtucket, Rhode Island, sues a single defendant, David A. Boris. *See* Compl. at 1. Preliminarily, she provides no contact information for the defendant, and the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." D.C. LCvR 5.1(c)(1).

Plaintiff has filed a rambling, prolix complaint, raising claims with little context or factual basis, and that bear no connection to one another. She contends that she is a victim of fraud and needs help from "Washing[ton] D.C." Compl. Addendum [SEALED], ECF No. 1-1, at 1. She also alleges that her social security number has been changed, her identity has been stolen, she was previously unfairly incarcerated, and that there have "been several attempts" on her life. *See id.* [SEALED] at 2. Finally, she maintains that she has been a victim of unspecified theft and that her vehicle has been vandalized. The perpetrators of these alleged acts are unidentified, and the defendant's connection, if any, to the allegations, is unexplained. Aside from a passing request for an attorney, the relief sought is also unstated. *See id*. The remainder of the complaint consists of 82 pages of exhibits, the relevance of which plaintiff fails to demonstrate. *See* LCvR 5.1(e) ("No complaint . . . shall have appended thereto any document that is not essential to determination of the action.").

The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous allegations comprising the complaint fail to provide adequate notice of a claim. The intended causes of action, if any, are completely undefined. And the pleading fails to set forth

allegations with respect to this court's jurisdiction, venue, or any valid basis for relief. Therefore, the court dismisses the complaint. An order consistent with this memorandum opinion is issued separately.

DATE: December 21, 2021           _____/s/_____
                                                  CHRISTOPHER R. COOPER
                                                  United States District Judge